CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

July 3, 2013

Stephen F. Shea, Esquire
Elkind & Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Allen F. Loucks, Assistant United States Attorney
Alex S. Gordon, Assistant United States Attorney
Office of the United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, MD 21201

Subject: <u>Nancy M. Summers o/b/o Jon Summers v. Carolyn Colvin, Acting Commissioner, Social Security</u>
Civil Action No.: BPG-10-2792

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 10, 12), are Cross-Motions for Summary Judgment (ECF Nos. 24, 27), concerning the Commissioner's decision denying plaintiff Jon Summers' claim for Disability Insurance Benefits ("DIB") and a period of disability. The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). No hearing is deemed necessary. Loc. R. 105.6. For the reasons noted below, the court will grant defendant's Motion (ECF No. 27) and deny plaintiff's Motion (ECF No. 24).

Plaintiff filed his claim for benefits on April 26, 2007, alleging disability beginning on December 31, 2005. (R. at 102-05.) His claim was denied initially on June 28, 2007, and on reconsideration on September 18, 2007. (R. at 66-69, 73-74.) After a hearing on December 30, 2008 (R. at 22-61), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits based on a determination that plaintiff was not disabled. (R. at 14-21.)

In an opinion dated February 11, 2009, the ALJ found that plaintiff suffered from the following severe impairments: residual effects of a parasagittal meningioma (brain tumor) and right hip arthroplasty (hip replacement). (R. at 16.) Despite these impairments, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform "light work as defined in 20 C.F.R. § 404.1567(b) except he can stand and walk up to four hours a day, he cannot climb ropes, ladders or scaffolds, he can occasionally climb, balance, stoop, kneel, crouch, and crawl, and he needs to avoid environments with concentrated noise." (R. at 17-20.) After considering testimony from a vocational expert ("VE"), the ALJ concluded that plaintiff could perform work existing in the local and national economy, and that he, therefore, was not disabled. (R. at 20-21.)

Plaintiff requested that the Appeals Council review the ALJ's decision, and submitted

additional evidence to the Appeals Council, consisting of medical records of plaintiff's treatment for a meningioma that he received from 2004 to 2010. (R. at 372-511.) The Appeals Council consulted a neurologist, Dr. Babkes, who reviewed the medical record, including the additional evidence, and submitted a report to the Appeals Council. (R. at 510-11.) The Appeals Council considered the additional evidence and denied review because it "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (R. at 1-2.) The denial of plaintiff's request for review made the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-5.) Plaintiff died on October 29, 2011, and his surviving spouse, Nancy Summers, continues this claim on his behalf.

Plaintiff challenges the Commissioner's decision on two related grounds: (1) the Appeals Council erred by failing to adequately address new and material evidence showing that plaintiff was limited to sedentary work; and (2) because plaintiff's RFC assessment should have been limited to sedentary work, the ALJ erred in assessing the transferability of plaintiff's skills.

Plaintiff first argues that remand is required because, in light of new and material evidence, the Appeals Council should have concluded that plaintiff was limited to sedentary work. "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc) (citation and internal quotation marks omitted); see also 20 C.F.R. § 404.970(b) (setting forth the same criteria for determining when the Appeals Council must consider additional evidence). New evidence is evidence that is not duplicative or cumulative; evidence is material if there is a reasonable possibility that it would have changed the outcome. Wilkins, 953 F.2d at 96. If the Appeals Council incorporates into the record new and material evidence that concerns the time period on or before the date of the ALJ's decision, the undersigned must review the record as a whole, including the additional evidence, to determine whether the Commissioner's decision is supported by substantial evidence. Id.

At the outset, I note that a large portion of the additional evidence submitted by plaintiff concerns treatment received before the hearing. This evidence is duplicative and cumulative because it was already before the ALJ in making the decision to deny benefits. Indeed, plaintiff cites only three pieces of evidence as new: (1) the September 17, 2009 report of Dr. Laterra, stating that "[i]n 01/09 he began to experience episodic difficulties in left foot and leg consisting of sensory and motor symptoms" (R. at 404-06); (2) the June 24, 2009 report of Dr. Kleinberg, stating that "[u]nfortunately, in the beginning of 2009, the patient started complaining of progressive problems on [sic] moving his left leg" (R. at 491-96); and (3) the August 4, 2010 SSA Memorandum of Dr. Babkes to the Appeals Council (R. at 510-11). This evidence could be considered new. Information in these records concerns plaintiff's condition during the period of time after the record was closed at the hearing, but before the ALJ's decision. This evidence was not considered by the ALJ in making the disability determination. Thus, this information is not

duplicative or cumulative.

Even accepting the reports of Dr. Laterra, Dr. Kleinberg, and Dr. Babkes as new, however, these additional documents are not material, because they do not provide any information that would reasonably change the outcome of this case. Dr. Laterra's report, the only additional medical record explicitly concerning the time period before the ALJ's decision, indicates that in January 2009, the symptoms were only "episodic." (R. at 404.) Dr. Kleinberg refers only to a worsening in "the beginning of 2009." (R. at 493.) There is no reasonable possibility that these brief references to plaintiff's symptoms in early 2009 would have changed the RFC determination such that plaintiff would be limited to sedentary work at any time from the onset date until the date of the disability determination.[1] Moreover, the report of Dr. Babkes, the neurology expert consulted by the Appeals Council, only bolsters the ALJ's conclusion. Dr. Babkes reviewed the medical record, including the additional records concerning plaintiff's surgeries, and concluded that plaintiff's condition worsened sometime in February of 2009. (R. at 511.) Despite acknowledging a worsening of plaintiff's symptoms, Dr. Babkes concluded that plaintiff could perform light work both before and after February 2009. (Id.) In spite of the fact that plaintiff began to exhibit some worsening symptoms just before the ALJ's decision, the additional evidence submitted does not create a reasonable possibility that the outcome of the disability determination would have changed.[2] In sum, plaintiff has submitted no new and material evidence concerning the relevant time period to support a determination that the Appeals Council erred by denying plaintiff's request for review, or that the Commissioner's decision was not supported by substantial evidence.

Plaintiff's second argument is that, because the additional evidence established that

---

[1] I acknowledge that the additional records indicate that, in the months that followed the ALJ's decision, plaintiff's symptoms clearly worsened to the point where further surgeries were necessary. (R. at 404-06, 481-83, 491-96.) Nevertheless, this court's review is narrowly confined to the evidence prior to February 11, 2009, the date of the ALJ's decision.

[2] Although plaintiff cites only the records discussed above as new and material evidence, after my review, I find that the following records also contain information that arguably concerns the relevant time period as set forth in 20 C.F.R. § 404.970(b), that is, the time between the hearing and the issuance of the ALJ's decision: (1) the April 22, 2009 report of Dr. Yousem of the Johns Hopkins Hospital Department of Radiology, who noted that an MRI indicated "dramatic increase" in the size of a mass in plaintiff's brain when compared to the previous evaluation performed in June 2008 (R. at 440-41); and (2) the November 18, 2009 report of surgeon Dr. Weingart, who noted, in a follow up to plaintiff's November 6th surgery, that "[i]n early 2009, the patient began complaining of increasing difficulties with movement in his left leg." (R. at 481-83). These documents are unclear as to the specific time to which they apply and, as with the records cited by plaintiff, do not contain information that could reasonably have changed the ALJ's disability determination.

plaintiff could only do sedentary work, the ALJ and VE erroneously assessed the transferability of plaintiff's skills. This argument fails because it is contingent upon the conclusion that plaintiff was limited to sedentary work. As discussed above, the ALJ's decision, including the RFC assessment that plaintiff could perform light work, was supported by substantial evidence. Therefore, the ALJ did not err in assessing the transferability of plaintiff's skills, which the ALJ did in accordance with applicable regulations.

The relevant regulation, applicable to individuals between fifty-five and sixty years old limited to light work, provides that "[t]ransferability is most probable and meaningful among jobs in which—(i) The same or a lesser degree of skill is required; (ii) The same or similar tools and machines are used; and (iii) The same or similar raw materials, products, processes, or services are involved." 20 C.F.R. § 1568(d)(2). For light work, "[a] complete similarity of all three factors is not necessary for transferability," but "when skills are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, [the SSA will] consider that they are not transferable." 20 C.F.R. § 404.1568(d)(3). Here, the ALJ adequately assessed the transferability of plaintiff's skills. The ALJ noted the VE's testimony that plaintiff had skilled past relevant work experience as a production supervisor, which required the skills of evaluating, scheduling, and coordinating. (R. at 20, 57.) The VE testified that jobs exist in the local and national economy that require skills that plaintiff had acquired in performing his past relevant work, with no additional skills required. (R. at 57-60.) In sum, the ALJ did not err in analyzing the transferability of plaintiff's skills, and the determination that plaintiff was not disabled was supported by substantial evidence.

For the reasons stated above, defendant's Motion for Summary Judgment (ECF No. 27) is GRANTED and plaintiff's Motion for Summary Judgment (ECF No. 24) is DENIED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge